```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION


WASIM AZIZ,                         )
                                    )
          Plaintiff,                )
                                    )
     v.                             )    No. 4:06-CV-602-DJS
                                    )
GENE STUBBLEFIELD, et al.,          )
                                    )
          Defendants.               )
```

**ORDER AND MEMORANDUM**

This matter is before the Court upon review pursuant to 28 U.S.C. § 1915A.

Title 28 U.S.C. § 1915A provides that the "court shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court is to dismiss the complaint, or any portion, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

**The complaint and amended complaint**

Plaintiff, a pre-trial detainee confined at the St. Louis City Justice Center, seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against Gene Stubblefield (Superintendent), the City of St. Louis, and John Doe (Law Librarian, Medium Security Institute). Plaintiff alleges that he has been denied access to the law library and access to the courts, and as a result, he is still being held as a detainee.

Plaintiff's claims against Gene Stubblefield and John Doe (Law Librarian) survive review under § 1915A, and thus, the Court will order that said defendants reply to plaintiff's claims once the complaint and amended complaint have been properly served. <u>See</u> 42 U.S.C. § 1997e(g)(2).

The complaint and amended complaint are legally frivolous as to defendant City of St. Louis. Although a municipality is not entitled to absolute immunity in § 1983 actions, it cannot be held liable under a respondeat superior theory. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 691 (1978). Municipal liability cannot be imposed absent an allegation that unlawful actions were

taken pursuant to a municipality's policy or custom.  <u>Id</u>. at 694.
There is no such allegation in the present action.

The Court notes that because plaintiff paid the filing fee, he is responsible for serving defendants Gene Stubblefield and John Doe with a copy of the complaint and amended complaint within 120 days of the initial filing of this action (April 7, 2006). <u>See</u> Fed. R. Civ. P. 4(m).  A review of the Court's file indicates that plaintiff has not yet served any of the defendants.  The Court further notes that plaintiff may either serve a summons and complaint upon defendants, <u>see</u> Fed. R. Civ. P. 4(c), or obtain from each defendant a waiver of service of summons.  <u>See</u> Fed. R. Civ. P. 4(d).  Plaintiff is advised that he may seek guidance on serving defendants from the Office of the Clerk.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (prisoner actions-standard).

**IT IS FURTHER ORDERED** that plaintiff shall include a copy of this order when either serving the complaint and amended complaint upon defendants Gene Stubblefield and John Doe or requesting that said defendants waive service.

**IT IS FURTHER ORDERED** that, after either being properly served or filing a waiver of service, defendants Gene Stubblefield and John Doe shall reply to the complaint and amended complaint within the time provided by the applicable provisions of Rule 12(a)

of the Federal Rules of Civil Procedure.  See 42 U.S.C. § 1997e(g)(2).

An appropriate order of partial dismissal shall accompany this order and memorandum.

Dated this __26th__ day of April, 2006.

                                              /s/Donald J. Stohr
                                              UNITED STATES DISTRICT JUDGE