UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WASIM AZIZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:06CV602-DJS |
| | ) |
| GENE STUBBLEFIELD, CITY OF ST. | ) |
| LOUIS, and MR. MENSAH, | ) |
| | ) |
| Defendants. | ) |

### ORDER OF PARTIAL DISMISSAL

Plaintiff, a pre-trial detainee confined at the St. Louis City Justice Center, seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against Gene Stubblefield (Superintendent), the City of St. Louis, and Mr. Mensah (Law Librarian, Medium Security Institute). Plaintiff alleges that he has been denied access to the law library and access to the courts, and as a result, he is still being held as a detainee. The Court dismissed plaintiff's claims against the City of St. Louis as legally frivolous.

Title 28 U.S.C. § 1915A provides that the "court shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court is to dismiss the complaint, or any portion, if it is frivolous, malicious, fails to

state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

The Court reviewed plaintiff's initial and amended complaints and dismissed without prejudice plaintiff's claims against the City of St. Louis as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(b). Upon plaintiff's motion to amend his amended complaint, the Court granted him leave to file a second amended complaint. Plaintiff's second amended complaint [Doc. #12] again names the City of St. Louis as a defendant alleging that it has failed to properly train and supervise defendant Stubblefield and train defendant Mensah. In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25 (1992); Scheuer v. Rhodes, 416 U.S. 232,

236 (1974).

The second amended complaint is again legally frivolous as to defendant City of St. Louis for the same reasons as cited in the Court's order and memorandum of April 26, 2006 [Doc. #3]. Although a municipality is not entitled to absolute immunity in § 1983 actions, it cannot be held liable under a respondeat superior theory. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policy or custom. Id. at 694. There is no such allegation in the present action.

Accordingly,

**IT IS HEREBY ORDERED** that, as to defendant City of St. Louis, plaintiff's second amended complaint is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated this ___16th___ day of May, 2006.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE