UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WASIM AZIZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:06CV602-DJS |
| ) | |
| GENE STUBBLEFIELD, CITY OF ST. ) | |
| LOUIS, and MR. MENSAH, ) | |
| ) | |
| Defendants. ) | |

## ORDER OF PARTIAL DISMISSAL

In the instant case, pro se plaintiff has paid the filing fee and must now obtain service upon defendants Stubblefield and Mensah in compliance with Rule 4 of the Federal Rules of Civil Procedure.[1] Now before the Court is plaintiff's motion for service by the U.S. Marshals [Doc. #16] and his amendment to that motion [Doc. #19], and plaintiff's third amended complaint [Doc. #20] accompanied by supplemental documents [Doc. #21]. The Court will deny plaintiff's motion for service by the U.S. Marshals as plaintiff has paid the filing fee and has not been permitted to proceed in forma pauperis. Plaintiff's request for appointment of counsel inside his motion for service by the U.S. Marshals will be denied for the same reasons as stated in the Court's order of May 4, 2006. Pursuant to Rule 4(m) of the Federal Rules of Civil

---

[1] The claims against defendant City of St. Louis have been dismissed without prejudice.

Procedure, plaintiff must still serve defendant Stubblefield within 120 days of the filing date of his initial complaint, August 7, 2006, and defendant Mensah within 120 days of the filing date of his second amended complaint in which defendant Mensah was first named, September 6, 2006.

The Court will grant plaintiff leave to file a third amended complaint. In plaintiff's third amended complaint, plaintiff, a pre-trial detainee confined at the St. Louis City Justice Center, seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against Mr. Mensah (Law Librarian, Medium Security Institute), Gene Stubblefield (Superintendent), and the City of St. Louis. Plaintiff alleges that he has been denied access to the law library and access to the courts, and has been retaliated against for bringing this action.

Title 28 U.S.C. § 1915A provides that the "court shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court is to dismiss the complaint, or any portion, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325

2

(1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

The Court reviewed plaintiff's initial, first amendeat, and second amended complaints and dismissed without prejudice plaintiff's claims against the City of St. Louis as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(b). Plaintiff's third amended complaint [Doc. #20] again names the City of St. Louis as a defendant alleging that it has failed to properly supervise defendants Stubblefield and Mensah. In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The third amended complaint is again legally frivolous as to defendant City of St. Louis for the same reasons as cited in the Court's orders of April 26, 2006 [Doc. #3] and May 16, 2006 [Doc. #13]. Although a municipality is not entitled to absolute immunity in § 1983 actions, it cannot be held liable under a respondeat

3

superior theory.  Monell v. Department of Social Services, 436 U.S. 658, 691 (1978).  Municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policy or custom.  Id. at 694.  There is no such allegation in the present action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for service by the U.S. Marshals [Doc. #16] is denied.

**IT IS FURTHER ORDERED** that plaintiff's request for leave to file his third amended complaint [Doc. #20] is granted.

**IT IS FURTHER ORDERED** that, as to defendant City of St. Louis, plaintiff's third amended complaint is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated this __28th__ day of July, 2006.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE