**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WASIM AZIZ,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 4:06CV602-DJS** |
| **GENE STUBBLEFIELD, CITY OF ST. LOUIS, and MR. MENSAH,** | ) | |
| **Defendants.** | ) | |

## ORDER

In plaintiff's fourth amended complaint, plaintiff, a pretrial detainee confined at the St. Louis City Justice Center, seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against Mr. Mensah (Law Librarian, Medium Security Institute), Gene Stubblefield (Superintendent), and the City of St. Louis. Plaintiff alleges that he has been denied access to the law library and access to the courts, and has been retaliated against for bringing this action. Plaintiff further alleges that defendant Stubblefield has retaliated against plaintiff by failing to prevent Stubblefield's staff from opening plaintiff's legal mail to read and discuss the contents. Now pending before the Court are pro se plaintiff's motion for injunctive relief [Doc. #17], motion for an injunction [Doc. #40], motion for an injunction [Doc. #41], motion to compel discovery [Doc. #42], motion for an injunction [Doc.

#61], motion for "Production of Documents Two" [Doc. #74], and "motion in support of motion to compel" [Doc. #75].

Plaintiff's motion for injunctive relief [Doc. #17] asserts plaintiff has been denied access to the law library and cannot research the issues of the instant action. As plaintiff has not disputed the affidavit of defendant Mensah which indicates that plaintiff has had access to the law library since June 29, 2006, the Court will deny plaintiff's motion for injunctive relief [Doc. #17]. Furthermore, plaintiff's citations to several authorities throughout the instant motions belie plaintiff's assertion that he does not have access to the law library. Plaintiff's citations to Lewis v. Casey are particularly informative and reveal that inmates are not guaranteed:

> the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Lewis v. Casey, 518 U.S. 343, 355 (1996). "Similarly, a pretrial detainee has a right of access to the courts with respect to legal assistance and participation in *one's own defense against pending criminal charges*." Kwanzaa v. Brown, No. 05-5976(RMB), 2006 WL 2403978, at *8 (D.N.J. Aug. 17, 2006) (emphasis added). Plaintiff's alleged loss of his driver's license due to a lack of

Missouri traffic law statutes in the law library does not raise a constitutional claim.

Plaintiff’s motion for an injunction [Doc. #40] requests this Court to enjoin defendant Stubblefield from allowing prison staff to open plaintiff’s legal mail outside plaintiff’s presence. “Non-privileged inmate mail is clearly not immune to inspection, thus such inspections cannot give rise to civil rights violations.” Jensen v. Klecker, 648 F.2d 1179, 1182 (8th Cir. 1981). Whereas, “[p]rivileged prisoner mail, that is mail to or from an inmate's attorney and identified as such, may not be opened for inspections for contraband except in the presence of the prisoner.” Id.

“The mere fact that a letter comes from a legal source is insufficient to indicate that it is confidential and requires special treatment. Plaintiff’s filings with the court and any court orders or recommendations entered in his case(s) are a matter of public record.” Burgess v. Dormire, No. 05-4111-CV-C-SOW, 2006 WL 1382317, at *3 (W.D. Mo. May 17, 2006) (citing Harrod v. Halford, 773 F.2d 234 (8th Cir. 1985)). Plaintiff filed several copies of different envelopes he asserts were opened before he received them. None of the envelopes were marked privileged, nor were they from an attorney. Furthermore, plaintiff does not assert that any of the mailings in question were attorney-client communications. Several of the envelopes were from this Court, but plaintiff has made no showing that the communications were not part

of the public record in this or another action. For all the above reasons, the Court will deny plaintiff’s motion for an injunction [Doc. #40].

Plaintiff’s motion for an injunction [Doc. #41] requests the Court to order defendants to put a complete set of the Federal Digest, Federal Reporters, Federal Supplements, and Supreme Court Reporters in the prison law library so plaintiff can adequately research conditions of confinement claims and file pleadings and responsive pleadings in the instant action. “[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense.” Lewis, 518 U.S. at 351.

> [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison’s legal assistance facilities, he could not have known.

Id. Defendants have filed an affidavit of defendant Mensah with the Court asserting that the law library provides plaintiff with access to the following: Vernon’s Annotated Missouri Statutes, Southwest Reporter 2d, Black’s Law Dictionary, United States Code Annotated, Supreme Court Reporter, American Jurisprudence 2d, Federal Rules of Civil Procedure, Federal Rules of Criminal Procedure, Federal Reporter 2d and 3d Series, and Federal Supplement 2d and 3d Series. In light of the affidavit, and as

plaintiff’s requests are overly broad and unsupported, the Court will deny plaintiff’s motion for an injunction [Doc. #41].

Plaintiff’s amendment to his motion for an injunction [Doc. #43] requests this Court to enjoin defendant Stubblefield from allowing prison staff to refuse to mail plaintiff’s legal mail. As alleged by plaintiff, this is only the second incident where plaintiff’s mail has been sent back to him. Although plaintiff also indicated that he would inform the Court of any further incidents, the Court has not received any other reports that plaintiff has not been able to mail his court filings. Plaintiff has filed a copy of an unstamped envelope addressed to the Missouri Department of Revenue that was returned to him. The envelope is not marked as legal mail, nor does a communication to the Department of Revenue standing alone necessarily qualify as legal mail. Given the Courts’ receipt of plaintiff’s mailings before and after these alleged incidents, plaintiff’s ability to mail filings to the Court does not appear to be hindered. The Court will not take any further action on plaintiff’s amendment [Doc. #43] at this time.

Plaintiff’s motion to compel discovery [Doc. #42] asserts that defendant has not responded to plaintiff’s first interrogatories and requests for production of documents. Defendants assert that responses to the discovery were mailed on November 29, 2006. In his reply, plaintiff argues that defendants’

objections to the interrogatories and document requests are unfounded and that defendants should be compelled to answer the discovery requests. Plaintiff asserts that he does not have access to a photocopy machine and thus cannot provide the Court with a copy of plaintiff's requests and defendants' responses. Since plaintiff's reply, the Court has received several photocopied documents from plaintiff and concludes that plaintiff does indeed now have access to a photocopier. Without a copy of defendants' responses, the Court cannot overrule defendants' objections and compel responses. Consequently, the Court will deny plaintiff's motion to compel [Doc. #42] without prejudice.

Plaintiff's motion for an injunction [Doc. #61] requests that the Court order defendants to hire a law librarian to assist plaintiff in filing motions and pleadings and order defendants to provide plaintiff with the "traffic laws" and ordinances of the City of St. Louis. Plaintiff is not guaranteed "an abstract, freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996). As discussed above, plaintiff must show a relevant actual injury. Plaintiff asserts that his driver's license has been revoked due to his incarceration. However, as indicated in the affidavit of Lorenzo Chancellor--the Population Supervisor at the Medium Security Institute--accompanying defendants' response, plaintiff is being detained on charges of illegal possession of a controlled substance and

resisting arrest--offenses unrelated to the revocation of plaintiff's driver's license. The law library does provide plaintiff with Vernon's Annotated Missouri Statutes, satisfying plaintiff's request for the "traffic laws." For the above reasons, the Court will deny plaintiff's motion for an injunction [Doc. #61].

Finally, plaintiff's motion for "Production of Documents Two" [Doc. #74] does not seek any cognizable relief and will be denied. Plaintiff's "motion in support of motion to compel" [Doc. #75] will also be denied as it summarizes several of the arguments he has made in the other motions before the Court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for injunctive relief [Doc. #17] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for an injunction [Doc. #40] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for an injunction [Doc. #41] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel discovery [Doc. #42] is denied without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for an injunction [Doc. #61] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for "Production of Documents two" [Doc. #74] is denied.

**IT IS FURTHER ORDERED** that plaintiff's "motion in support of motion to compel" [Doc. #75] is denied.

Dated this 27th day of December, 2006.

/s/ Donald J. Stohr
UNITED STATES DISTRICT JUDGE