UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WASIM AZIZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:06CV602-DJS |
| | ) |
| GENE STUBBLEFIELD, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

In pro se plaintiff's fifth amended complaint, plaintiff, a pretrial detainee confined at the St. Louis City Justice Center, seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against Mr. Mensah (Law Librarian, Medium Security Institute), Gene Stubblefield (Superintendent), Joyce Moore (an employee of the Justice Center), and the City of St. Louis. Plaintiff alleges that he has been denied access to the law library and access to the courts, and has been retaliated against for bringing this action. Plaintiff further alleges that defendant Stubblefield has retaliated against plaintiff by failing to prevent Stubblefield's staff, including defendant Moore, from opening plaintiff's legal mail to read and discuss the contents. Now before the Court are plaintiff's motion for preliminary injunction [Doc. #85], plaintiff's request for injunctive relief [Doc. #99], and plaintiff's six motions to compel entitled motion to compel [Doc. #86], amended motion to compel [Doc. #89], "Motion to Compel

Two" [Doc. #92], "Motion to Compel Four" [Doc. #97], "Motion In Support Of Motions To Compel" [Doc. #98], and "Motion to Compel Five" [Doc. #106].

Plaintiff's motion for preliminary injunction [Doc. #85] again complains of the insufficiency of the law library and asks this Court to direct opposing counsel to send plaintiff copies of cases. The Court has already addressed these issues in its prior orders. The relief requested by plaintiff is not available. "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis v. Casey, 518 U.S. 343, 351 (1996).

> [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.

Id. Defendants have filed an affidavit of defendant Mensah asserting that the law library provides plaintiff with access to the following: Vernon's Annotated Missouri Statutes, Southwest Reporter 2d, Black's Law Dictionary, United States Code Annotated, Supreme Court Reporter, American Jurisprudence 2d, Federal Rules of Civil Procedure, Federal Rules of Criminal Procedure, Federal Reporter 2d and 3d Series, and Federal Supplement 2d and 3d Series. In light of the affidavit, and as plaintiff's requests are overly

2

broad and unsupported, the Court will deny plaintiff's motion for preliminary injunction [Doc. #85].

Plaintiff's request for injunctive relief [Doc. #99] complains that the library is too cold with the air conditioner and the fans operating. Here again, plaintiff's request strays beyond the bounds of Lewis v. Casey as discussed in the Court's previous orders. As the Court is not able to provide the relief requested by plaintiff, the motion will be denied.

Plaintiff's motion to compel [Doc. #86] attaches a copy of plaintiff's first set of interrogatories and requests for production of documents. The Court has carefully reviewed the discovery request and the response. The Court is persuaded to compel defendant City of St. Louis to respond to interrogatory numbers 5 and 8 directed to defendant City, as defendants incorrectly object that the interrogatories exceed the maximum of 25. Rule 33(a) allows up to 25 interrogatories per party. Fed. R. Civ. P. 33(a). Defendant City of St. Louis was only given six interrogatories. Of those six interrogatories, the Court will also compel defendant City of St. Louis to reply to plaintiff's interrogatory number 1 directed to defendant City. Plaintiff also correctly notes that defendants have not signed the interrogatory responses pursuant to Fed. R. Civ. P. 33(b)(2). Consequently, defendants shall sign and resubmit the interrogatory responses as required by Rule 33. Otherwise, the Court is not persuaded to

grant plaintiff's motion with respect to the other interrogatories at issue.

Plaintiff's amended motion to compel [Doc. #89] requests sanctions against defendants for failing to respond to plaintiff's first set of interrogatories. As addressed above, the Court has reviewed plaintiff's first set of interrogatories and defendants' response. The remainder of plaintiff's motion rehashes his aforementioned motion to compel and will be denied.

Plaintiff's "Motion to Compel Two" [Doc. #92] seeks a response to plaintiff's second set of interrogatories and requests for production of documents and admissions. As defendants represent that they mailed a response subsequent to the motion, the Court will deny the motion.

Plaintiff's "Motion to Compel Four" [Doc. #97], "Motion In Support Of Motions To Compel" [Doc. #98], and "Motion to Compel Five" [Doc. #106] state that defendants have not responded to plaintiff's second, third, fourth, and fifth sets of interrogatories and requests for production of documents and plaintiff's sixth request for production of documents. Defendants objected to all interrogatories as being over the limit of 25. The Court will compel defendants to respond to the following interrogatories as plaintiff has not exceeded 25 interrogatories for each defendant: (1) interrogatory numbers 2(A), 2(B), 2(C), 2(D), and 2(F) directed to defendant Stubblefield in plaintiff's

4

second set of interrogatories; (2) interrogatory numbers 3(A), 3(B), 3(C), 3(D), 3(E), and 3(F) directed to defendant City of St. Louis in plaintiff's fourth set of interrogatories; and (3) interrogatory numbers 1(A), 1(B), and 1(C) directed to defendant Stubblefield and interrogatory numbers 2(A), 2(B), and 2(C) directed to defendant City of St. Louis in plaintiff's fifth set of interrogatories. The Court is otherwise unpersuaded to grant plaintiff's motions. Particularly as plaintiff has not filed his third set of interrogatories and requests for production of documents, the Court cannot compel a response as to that discovery request. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for preliminary injunction [Doc. #85] is denied.

**IT IS FURTHER ORDERED** that plaintiff's request for injunctive relief [Doc. #99] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel [Doc. #86] is granted as follows.

**IT IS FURTHER ORDERED** that plaintiff shall respond to interrogatory numbers 1, 5, and 8 directed to defendant City of St. Louis in plaintiff's first set of interrogatories no later than **April 13, 2007**.

IT IS FURTHER ORDERED that, no later than **April 13, 2007,** defendants shall sign answers to interrogatories as required by

Fed. R. Civ. P. 33(b)(2) and resubmit the prior answers to interrogatories with the signatures of the proper parties.

**IT IS FURTHER ORDERED** that plaintiff's amended motion to compel [Doc. #89] is denied.

**IT IS FURTHER ORDERED** that plaintiff's "Motion to Compel Two" [Doc. #92] is denied.

**IT IS FURTHER ORDERED** that plaintiff's "Motion to Compel Four" [Doc. #97] is granted as follows.

**IT IS FURTHER ORDERED** that plaintiff's "Motion In Support Of Motions To Compel" [Doc. #98] is granted as follows.

**IT IS FURTHER ORDERED** that plaintiff's "Motion to Compel Five" [Doc. #106] is granted as follows.

**IT IS FURTHER ORDERED** that, no later than **April 13, 2007**, defendants shall respond to interrogatory numbers 2(A), 2(B), 2(C), 2(D), and 2(F) directed to defendant Stubblefield in plaintiff's second set of interrogatories; interrogatory numbers 3(A), 3(B), 3(C), 3(D), 3(E), and 3(F) directed to defendant City of St. Louis in plaintiff's fourth set of interrogatories; and interrogatory numbers 1(A), 1(B), and 1(C) directed to defendant Stubblefield and interrogatory numbers 2(A), 2(B), and 2(C) directed to defendant City of St. Louis in plaintiff's fifth set of interrogatories.

Dated this ___21st_____ day of March, 2007.

/s/ Donald J. Stohr
UNITED STATES DISTRICT JUDGE