```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


WASIM AZIZ,                          )
                                     )
            Plaintiff,               )
                                     )
      vs.                            )     No. 4:06CV602-DJS
                                     )
EUGENE STUBBLEFIELD, MR. MENSAH,     )
JOYCE MOORE, and CITY OF ST. LOUIS,  )
                                     )
            Defendants.              )
```

## ORDER

In plaintiff's fifth amended complaint, plaintiff Wasim Aziz, a pretrial detainee confined at the St. Louis City Justice Center ("SLCJC"), seeks monetary and injunctive relief under 42 U.S.C. § 1983 against Eugene Stubblefield (Superintendent of the SLCJC), Kwame Mensah (Law Librarian), Joyce Moore (employee at the SLCJC), and the City of St. Louis. Plaintiff alleges that he has been denied access to the courts and the law library, and has been retaliated against for bringing this action. Furthermore, defendant Stubblefield allegedly retaliated against plaintiff by failing to prevent the SLCJC staff, including defendant Moore, from opening, reading, discussing, delaying receipt of, and refusing to mail plaintiff's legal mail. Now pending before the Court are defendants' motion for summary judgment [Doc. #103] and pro se plaintiff's motions for summary judgment [Doc. #100], injunctive relief [Doc. #118], and default judgment [Doc. #119].

**Discussion**

Plaintiff's fifth amended complaint and his filings concerning the instant motions are unsworn, in contrast to the individual defendants' sworn statements denying plaintiff's allegations.[1] "'Affidavits are admissible in summary judgment proceedings [only] if they are made under penalties of perjury,' meaning that a district court may properly reject unsworn documents." Elder-Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006) (quoting Pfeil v. Rogers, 757 F.2d 850, 859 (7th Cir. 1985)). All matters set forth in a party's statement of uncontroverted material facts not specifically controverted by the opposing party are deemed admitted for the purpose of summary judgment. E.D.Mo. L.R. 7-4.01(E). The Court has observed the local rule as stated above and construed plaintiff's pro se filings liberally. As the Court finds in favor of defendants on both pending summary judgment motions, the facts have been viewed in the light most favorable to the plaintiff.

In considering a motion for summary judgment, the Court must "view all of the evidence in the light most favorable to the nonmoving party and [will] give that party the benefit of all

---

[1] Plaintiff did file a sworn addendum to his reply in support of his motion for summary judgment. In that filing, plaintiff asserts only that he was appointed counsel in June 2006 after being incarcerated since February 2006 in connection with pending criminal charges. However, plaintiff does not contend that his right to counsel has been violated.

2

reasonable inferences to be drawn from the facts disclosed in the pleadings." Reich v. ConAgra, Inc., 987 F.2d 1357, 1359 (8th Cir. 1993). "Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id. "Although the moving party has the burden of demonstrating the absence of genuine issues of material fact, the 'nonmoving party may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial.'" Burchett v. Target Corp., 340 F.3d 510, 516 (8th Cir. 2003) (quoting Rose-Maston v. NME Hosps., Inc., 133 F.3d 1104, 1107 (8th Cir. 1998)).

Allegations supported merely by speculation, conjecture, or conclusory fantasy do not suffice. See Wilson v. Int'l Bus. Machines Corp., 62 F.3d 237, 241 (8th Cir. 1995). Plaintiff's fifth amended complaint and filings concerning the instant motions are a mire of various unsupported and unsworn allegations against defendants Mensah, Stubblefield, Moore, and City of St. Louis. Upon careful consideration of plaintiff's claims against defendants, the Court finds that summary judgment should be entered in favor of defendants on all counts.

**A. Claims Against Defendant Mensah**

Defendant Mensah allegedly denied plaintiff access to the law library and required him to waive his right to counsel to use the law library. As explained in defendants' motion, which

3

plaintiff does not refute, defendant Mensah followed prison policy which allowed non-pro se litigants to access the law library on a referral basis whereby the inmates can request particular items from the law library. Otherwise, pro se litigant inmates have access to the library. Plaintiff has conceded at several points and his filings bear out that he does have access to the law library.

Mensah also allegedly retaliated against plaintiff by hiding law books, refusing to supply plaintiff with grievance forms, and delaying the delivery of legal materials plaintiff requested. Prison officials may not retaliate against an inmate for exercising his constitutional rights. See Flittie v. Solem, 827 F.2d 276, 281 (8th Cir. 1987). However, as noted above, plaintiff's accusations are unsworn and unsupported. Furthermore, broad allegations of retaliation are insufficient to support a claim under § 1983.[2] Id.

The Court's prior orders addressed plaintiff's numerous motions for injunctive relief and default judgment, which cover many of the same disputes at issue in the instant motions. Plaintiff's access to the courts and the law library claims fail to state a claim upon which relief can be granted. "[A]n inmate cannot establish relevant actual injury simply by establishing that

---

[2] Plaintiff does not address these retaliation claims in his briefings of the instant motions other than to assert that the claims are still at issue.

his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis v. Casey, 518 U.S. 343, 351 (1996).

> [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.

Id.

Defendants have filed an affidavit of defendant Mensah asserting that the law library provides plaintiff with access to the following: Vernon's Annotated Missouri Statutes, Southwest Reporter 2d, Black's Law Dictionary, United States Code Annotated, Supreme Court Reporter, American Jurisprudence 2d, Federal Rules of Civil Procedure, Federal Rules of Criminal Procedure, Federal Reporter 2d and 3d Series, and Federal Supplement 2d and 3d Series. Plaintiff asserts these sets are incomplete but fails to swear to that assertion. Furthermore, institutions are not constitutionally required to provide pro se inmate litigants

> the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools [the Constitution] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Lewis v. Casey, 518 U.S. 343, 355 (1996). "Similarly, a pretrial detainee has a right of access to the courts with respect to legal assistance and participation in *one's own defense against pending criminal charges*." Kwanzaa v. Brown, No. 05-5976(RMB), 2006 WL 2403978, at *8 (D.N.J. Aug. 17, 2006) (emphasis added).

Plaintiff has been unable to establish any actual injury. Plaintiff cites to the dismissal of his claims in Aziz v. Muhlenkamp, Case No. 4:06CV982-CDP (E.D. Mo. July 31, 2006), asserting he lost the case because he was denied access to the law library. In that case, this Court dismissed plaintiff's complaint because he failed to pay the $350.00 filing fee, which was required after previously filing at least three frivolous actions. Id. Additionally, plaintiff's alleged loss of his driver's license due to a lack of traffic law statutes in the law library does not raise a constitutional claim. Plaintiff is being detained on charges unrelated to the revocation of plaintiff's driver's license -- illegal possession of a controlled substance and resisting arrest. Furthermore, appointed counsel represents plaintiff in connection with the pending criminal charges.

While plaintiff asserts he informed defendant Mensah of his intention to file a case concerning the conditions of his confinement, plaintiff never specifically sets forth how the conditions are allegedly unconstitutional. Without any actual

6

injury, plaintiff fails to state a claim of denial of access to the courts or the law library.

**B.    Claims Against Defendant Stubblefield**

Plaintiff alleges that defendant Stubblefield authorized the policy restricting access to the law library for those inmates who had pro se status in a case. Plaintiff asserts defendant Stubblefield failed to train and supervise defendant Mensah properly, resulting in the aforementioned alleged violations. As discussed above, the SLCJC's policies concerning the law library are not unconstitutional based on the facts before this Court. Consequently, plaintiff's access to the court and the law library claims against Stubblefield, absent a relevant actual injury, fail to state a claim.

Plaintiff's assertions that defendant Stubblefield allowed his employees to open, read, discuss, delay receipt of, and refuse to mail plaintiff's legal mail are equally unsupported. "Non-privileged inmate mail is clearly not immune to inspection, thus such inspections cannot give rise to civil rights violations." Jensen v. Klecker, 648 F.2d 1179, 1182 (8th Cir. 1981). Whereas, "[p]rivileged prisoner mail, that is mail to or from an inmate's attorney and identified as such, may not be opened for inspections for contraband except in the presence of the prisoner." Id.

"The mere fact that a letter comes from a legal source is insufficient to indicate that it is confidential and requires

7

special treatment. Plaintiff's filings with the court and any court orders or recommendations entered in his case(s) are a matter of public record." Burgess v. Dormire, No. 05-4111-CV-C-SOW, 2006 WL 1382317, at *3 (W.D. Mo. May 17, 2006) (citing Harrod v. Halford, 773 F.2d 234 (8th Cir. 1985)). In briefing prior motions for injunctive relief, plaintiff filed several copies of different envelopes he asserts were opened before he received them. None of the envelopes are marked privileged, nor are they from an attorney. Furthermore, plaintiff does not assert that any of the mailings in question are attorney-client communications. Several of the envelopes are from this Court, but plaintiff has made no showing that the communications are not part of the public record in this or another action. Unsupported assertions in an affidavit that legal mail was opened outside an inmate's presence cannot defeat a summary judgment motion. See Gardner v. Howard, 109 F.3d 427, 430-31 (8th Cir. 1997) (holding that an isolated, inadvertent instance of legal mail being opened outside of an inmate's presence is not actionable). Plaintiff's claim that mail has been delayed is equally unsupported.

To the extent plaintiff complains that a law librarian or law clerk is not available to assist plaintiff in filing motions and pleadings, the Court is again persuaded that this does not state a claim. Plaintiff is not guaranteed "an abstract, freestanding right to a law library or legal assistance." Lewis v.

8

Casey, 518 U.S. 343, 351 (1996). As discussed above, plaintiff has not shown a relevant actual injury.

**C.  Claims Against Defendant Moore**

Defendant Joyce Moore, one of the SLCJC employees, is alleged to have opened and discussed plaintiff's legal mail outside his presence, and delayed his receipt of the mail in retaliation for plaintiff's grievance filings. The Court's above analysis of these unsupported claims also applies here. Moore is also alleged to have returned plaintiff's legal mail to plaintiff because it did not have sufficient postage.

Plaintiff never alleges that the returned letters were actually marked as legal mail. Furthermore, plaintiff has not established how the letters qualified as legal mail. During the course of the instant action, plaintiff admitted that mail had only been sent back to him twice after plaintiff failed to place a stamp on the envelopes. Plaintiff filed a copy of an unstamped envelope addressed to the Missouri Department of Revenue that was returned to him. The envelope is not marked as legal mail, nor does a communication to the Department of Revenue standing alone necessarily qualify as legal mail. Given the Courts' receipt of plaintiff's mailings before and after these alleged incidents, plaintiff's ability to mail filings to the Court does not appear to be hindered. Judgment will be entered against plaintiff on his

9

unsupported claims concerning defendant Moore's alleged actions with plaintiff's mail.

**D. Claims Against Defendant City of St. Louis**

Finally, plaintiff alleges that defendant City of St. Louis has a custom or policy of hiring superintendents prone to ignore the rights of inmates and of failing to inspect the SLCJC. Furthermore, plaintiff alleges that defendant City failed to train and supervise defendants Stubblefield and Mensah, resulting in the above violations. The correctional facility in which the events underlying the action occurred is operated by the City of St. Louis. In City of Canton v. Harris, the Supreme Court held that "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for [a municipality's] liability under §1983." 489 U.S. 378, 387 (1989). As a government entity, the City of St. Louis is liable under § 1983 for damages for constitutional violations only to the extent that such violations are the result of an official policy of the city. See, e.g., McCuen v. Polk County, Iowa, 893 F.2d 172, 173 (8th Cir. 1990). Because the Court finds as a matter of law that defendants Mensah, Stubblefield, and Moore have not violated plaintiff's rights, defendant City of St. Louis is entitled to summary judgment on any claims alleging that its training and supervision of the individual defendants or its policies are constitutionally

deficient.  See, e.g., Gregory v. City of Rogers, Arkansas, 974 F.2d 1006, 1012 (8th Cir. 1992).

**E.   Plaintiff's Remaining Motions**

Plaintiff's motion for injunctive relief is equally unpersuasive in that it asserts that plaintiff was denied access to the law library, but admits the SLCJC was in a medical lockdown due to a chicken-pox outbreak.  Plaintiff subsequently filed an amendment to the motion indicating that he had been allowed to access the library.  As plaintiff has access the library and in light of the above analysis, the Court will deny plaintiff's motion for injunctive relief.

Plaintiff's motion for default judgment addresses plaintiff's numerous discovery requests.  The Court ordered defendants to respond to several different discovery requests no later than April 13, 2007.  Plaintiff does not individually address the discovery requests, but instead asks the Court to sanction the defendants for objecting to and not answering interrogatories or requests for production.  Plaintiff does not assert that answers to these interrogatories and requests would affect his responses to defendants' motion for summary judgment.  As the Court finds that judgment should be entered in favor of defendants and against plaintiff on all plaintiff's claims in his fifth amended complaint, the Court will deny plaintiff's motion for default judgment.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment [Doc. #103] is granted.

**IT IS FURTHER ORDERED** that pro se plaintiff's motion for summary judgment [Doc. #100] is denied.

**IT IS FURTHER ORDERED** that pro se plaintiff's motion for injunctive relief [Doc. #118] is denied.

**IT IS FURTHER ORDERED** that pro se plaintiff's motion for default judgment [Doc. #119] is denied.

Dated this   25th   day of May, 2007.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE